Filed 1/25/23  P. v. Jennings CA6
Opinion following transfer from Supreme Court

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MATTHEW GEORGE JENNINGS,<br><br>    Defendant and Appellant. | H049043<br>(Santa Clara County<br> Super. Ct. No. 155731) |

Defendant Matthew George Jennings appeals the denial of his petition for resentencing under Penal Code section 1172.6.  We previously reversed the order denying his petition.  The Supreme Court granted review and has transferred the matter to us with directions to vacate our decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*).  The parties agree that *Strong* controls because defendant's felony-murder special circumstances were found true before the Supreme Court clarified that standard in *People v. Banks* (2015) 61 Cal.4th 788 and *People v. Clark* (2016) 63 Cal.4th 522.  For the reasons stated here, we will again reverse the trial court's order and remand with directions to issue an order to show cause.

## I.    TRIAL COURT PROCEEDINGS

Our brief factual summary is derived from this court's prior opinion affirming defendant's judgment on direct appeal.  (*People v. Jennings* (Apr. 11, 2001, H017202) [nonpub. opn.].)  We take judicial notice of that opinion on our own motion for the

limited purpose of providing context for the purely legal issue raised in this appeal. (Evid. Code, §§ 452, subd. (d), 459.)

The manager of a craft store was ambushed at the store after it closed one night in 1991. The manager was bound with duct tape, robbed, and stabbed over 20 times which led to his death. Approximately $9,000 was taken from the store's safe. Defendant and three other individuals were later arrested. Defendant was charged with first degree murder (Pen. Code, § 187), two counts of robbery (Pen. Code, § 211), and two counts of burglary (Pen. Code, § 459). (Unspecified statutory references are to the Penal Code.) As to the murder count, the information alleged special circumstances of lying in wait, torture, burglary, and robbery. (§ 190.2, subd. (a)(15), (a)(17)(A), (a)(17)(G).) Defendant pleaded guilty to one burglary count and one robbery count before trial (both for conduct on a different date unrelated to the homicide).

There was trial testimony that defendant was the " 'leader of the pack' " of men charged with the killing. An acquaintance testified to hearing defendant and the other men brag about committing robberies using a stun gun, and overhearing the men talk about their plan to rob the specific craft store where the manager was killed. The same witness testified that defendant appeared to be one of the masterminds behind the planned craft store robbery. But evidence from multiple sources suggested that defendant was not in the store when the manager was murdered, including a jail call from defendant to his former girlfriend and statements to police by all three codefendants that defendant was outside during the killing. Blood matching the manager's blood type was found on the clothing of the three codefendants when they were arrested, but no blood was found on defendant's clothing at the time of his arrest.

The jury found defendant guilty as charged, and found true three special circumstances allegations (for lying in wait, burglary, and robbery). The trial court sentenced him to a life term without the possibility of parole for the murder count, consecutive to five years eight months for the burglary and robbery counts to which

2

defendant had pleaded guilty before trial. (The lying-in-wait special circumstances finding was later invalidated by a federal district court on collateral habeas review.)

Defendant petitioned for section 1172.6 relief in 2019. The trial court ultimately denied the petition, reasoning that "an undisturbed felony murder special circumstance bars" section 1172.6 relief.

## II.    DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) "significantly narrowed the scope of the felony-murder rule" and "created a path to relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under the new law." (*Strong*, *supra*, 13 Cal.5th at p. 703.) "Resentencing is available under the new law if the defendant neither killed nor intended to kill and was not 'a major participant in the underlying felony [who] acted with reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2.' " (*Strong*, at p. 703.) To obtain resentencing, a petitioning defendant must declare that all eligibility requirements are met. (§ 1172.6, subds. (a), (b)(1)(A).) The trial court must then evaluate the petition to determine "whether the petitioner has made a prima facie case for relief." (*Id.*, subd. (c).) If the defendant makes the requisite showing, the trial court must issue an order to show cause and hold an evidentiary hearing where the prosecution bears the burden of proving beyond a reasonable doubt that the petitioner is guilty of murder or attempted murder under current state law. (*Id.*, subds. (c), (d)(3).)

In *Strong*, the Supreme Court considered whether a defendant who was convicted of felony-murder with a felony-murder special circumstances finding (§ 190.2, subd. (a)(17)) before the Supreme Court decided *Banks* and *Clark* is precluded from showing prima facie eligibility for relief under section 1172.6. The *Strong* court reasoned that "*Banks* and *Clark* both substantially clarified the law governing" the felony-murder special circumstances under section 190.2, subdivision (d). (*Strong*, *supra*, 13 Cal.5th at p. 706.) Because of that significant change in the law, *Strong*

3

concluded that issue preclusion would not prevent a defendant with a pre-*Banks* and *Clark* special circumstances finding from stating a prima facie case for section 1172.6 resentencing.  (*Strong*, at pp. 716–718.)  *Strong* also rejected the Attorney General's contention that "a court may reject a petition at the prima facie stage if it independently examines the record and determines, applying the *Banks* and *Clark* standards, that sufficient evidence supports the earlier findings."  (*Strong*, at p. 719.)  The *Strong* court determined that "[n]either the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause."  (*Strong*, at p. 720.)

In this case, defendant's 1997 felony-murder special circumstances findings predated *Banks* and *Clark*.  Under *Strong*, those findings do not preclude defendant from making a prima facie showing to support a section 1172.6 petition.  (*Strong*, *supra*, 13 Cal.5th at p. 721.)  The trial court therefore was incorrect to deny defendant's petition solely on the basis of the felony-murder special circumstances findings.  The parties agree that remand is appropriate.

### III.    DISPOSITION

The order denying defendant's petition is reversed.  The matter is remanded with directions to issue an order to show cause and conduct further proceedings in accordance with Penal Code section 1172.6.

4

_____
Grover, J.

**WE CONCUR:**

_____
Greenwood, P. J.

_____
Lie, J.

H049043 - *The People v. Jennings*